Alvin HAMMOCK *v.* Margaret Curry GRAYSON, et al.

681 S.W.2d 352

Supreme Court of Arkansas

Opinion delivered December 21, 1984

*Jones & Tiller Law Firm,* by: *Marquis E. Jones,* for appellant.

*Laney, Gaughan & Womack,* by: *Tim A. Womack,* for appellee.

PER CURIAM. On August 15, 1984, appellants filed a notice of appeal of the trial court's decision rendered July 20, 1984. A separate designation of the record was filed. The notice did not contain a statement that the transcript, or specific portions thereof, had been ordered. Arkansas Rules of Appellate Procedure Rule 3(e). On October 24, 1984, appellants filed an amended notice of appeal which recited that the complete transcript had been ordered. On November 9, 1984, appellants moved for an order extending the time to file their appeal. The motion stated that the transcript could not be prepared within the requisite 90 day period to docket the appeal with this court. The motion requested until February 15, 1985 to file the record and transcript.

On November 9, 1984, Sherry Freeland, the chancellor's court reporter, filed an affidavit which averred that on November 6, 1984 she received a phone call from appellants' attorneys' office advising that appellants needed an extension of time to file an appeal, that until that date she had no

notice that an appeal had been filed, and that as of November 9, 1984, the reporter's transcript was not ordered. Also, on November 9, 1984, the chancellor entered an order finding that the reporter's transcript was not ordered, that both notices of appeal failed to comply with A.R.C.P. Rule 11 and Rules 3 and 6 of the Arkansas Rules of Appellate Procedure, and that the Motion for Extension of time was denied.

On the afternoon of November 9, 1984, appellants filed a second motion for extension of time, in which they recited that contemporaneously with the filing of the second motion they had purchased and received the record from the Ouachita County Clerk and had ordered the transcript from the court reporter and had tendered the amount estimated to be due for its preparation. On November 13, 1984, appellants filed with us a Motion for Rule on the Clerk which simply recites the facts as we have just outlined. Appellees filed a response and brief to appellants' motion objecting to the granting of the motion and pointing out that until November 6, 1984 the court reporter had never been notified that the record had been ordered or even that a notice of appeal had been filed.

We deny the motion for Rule on the Clerk. The appellants had not ordered the transcript by the time they filed their first notice of appeal as required by the Arkansas Rules of Appellate Procedure Rule 3(e). The appellants had not ordered the transcript by October 24, 1984 when they filed their amended notice of appeal and certified that it had been ordered. They only ordered the transcript after the trial court denied their first motion for extension of time. The trial court certainly did not abuse its discretion in denying appellants' second motion for extension of time.

Appellants' motion for Rule on the Clerk is denied.

PURTLE and HOLLINGSWORTH, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. Appellants allege they gave timely notice of appeal and notified all proper parties, including the reporter. The notice did not contain a

statement that the transcript had been ordered as required by our rules and prior cases. The amended notice of appeal did contain a statement that the transcript had been ordered. The reporter stated she did not receive the amended notice until November 6, 1984. Three days later appellants made a written request for an extension of time because the reporter could not complete the transcript prior to expiration of the 90 days from notice of appeal. This was a true statement and complies fully with Ark. R. App. P., 5 (b) which in part states: "[U]pon finding that a reporter's transcript of such evidence or proceeding has been ordered by appellant, and upon a further finding that an extension is necessary for the inclusion in the record of evidence or proceedings stenographically reported, [the trial court] may extend the time for filing the record on appeal . . . "

Where there has been a technical failure to comply with the rules but no prejudice to the opposing party I would grant the rule on the clerk.

HOLLINGSWORTH, J., joins in this dissent.